United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR OTONIEL FLORES-ESPARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-429-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Otoniel Flores-Esparza appeals his 46-month sentence
imposed following his plea of guilty to illegal reentry following
deportation. He contends that his sentence is unreasonable
because the district court failed to properly weigh the
sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a
term of imprisonment greater than necessary to meet the
objectives of § 3553(a)(2).

The record reflects that the district court considered the
factors set forth in § 3553(a) when it determined that a 46-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term of imprisonment was a fair and reasonable sentence in Flores-Esparza's case.  See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Flores-Esparza's sentence fell at the lowest end of his properly calculated advisory guidelines range and is presumptively reasonable.  See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).  Flores-Esparza has failed to rebut that presumption.  See id.

Flores-Esparza challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Flores-Esparza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Flores-Esparza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Flores-Esparza acknowledges the Supreme Court's decision in Almendarez-Torres, but raises the issue to preserve it for further review.

AFFIRMED.